UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60651-CIV-ROSENBAUM/HUNT

LINROY DURANT,

        Plaintiff,

v.

OPTIMUM OUTCOMES, INC.,
an Illinois corporation,

        Defendant.
_____/

**ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL,
AND GRANTING IN PART MOTION TO DISMISS WITH PREJUDICE**

This matter is before the Court on Defendant's Motion to Dismiss With Prejudice [ECF No. 21] and Plaintiff's counsel's Motion for Leave to Withdraw as Counsel of Record for Plaintiff Linroy Durant [ECF No. 24]. On December 3, 2013, Defendant filed a Motion to Compel, asserting that Plaintiff had failed to respond to Defendant's discovery requests by the November 25, 2013, deadline extension agreed to by the parties. ECF No. 15. The Motion noted that a November 26, 2013, email from Plaintiff's counsel indicated that "[o]ur Client has currently gone AWOL. We have been attempting to contact him in many different ways and will continue to do so. We anticipate responding to Discovery at the time we reach him, however in the event we cannot get a hold of him, we plan on moving to withdraw as counsel for Plaintiff." *See* ECF No. 17-6 at 1. Plaintiff's counsel's Response to the Motion likewise confirmed that, "despite numerous and varied attempts," counsel was unable to contact Plaintiff. ECF No. 17 at 1.

The Honorable Patrick M. Hunt granted in part and denied in part the Motion to Compel, directing Plaintiff to respond to all outstanding discovery by January 8, 2014. ECF No. 19. Judge Hunt cautioned Plaintiff that "failure to comply with discovery obligations or this Court's Orders may result in sanctions being imposed, including but not limited to the dismissal of [t]his action." *Id.* Judge Hunt further directed Plaintiff's counsel to personally serve the Order on Plaintiff. *Id.* Counsel later notified the Court that Plaintiff no longer resides at his last known address and that counsel had no further information regarding Plaintiff's whereabouts, so personal service was not effectuated. ECF No. 20.

On January 9, 2014, Defendant filed the instant Motion to Dismiss after Plaintiff failed to respond to the discovery requests by Judge Hunt's January 8, 2014, deadline. ECF No. 21. Defendant argues that the Court should dismiss Plaintiff's action for failure to obey the Court's discovery order pursuant to Rule 37(b), Fed. R. Civ. P. Plaintiff's counsel then filed a Motion to Withdraw on January 22, 2014. ECF No. 24. The Motion to Withdraw noted that counsel had still not been able to communicate with Plaintiff despite repeated attempts. *Id.*

The Court ordered Plaintiff's counsel to serve a copy of the Motion to Withdraw on Plaintiff at his last known address so that Plaintiff may object to the Motion if he so chooses. ECF No. 25. Counsel's second attempt to personally serve Plaintiff at his last known address again showed that Plaintiff no longer resided there. ECF No. 26. On January 28, 2014, the Court issued an Order directing Plaintiff to show cause why the Court should not grant Defendant's Motion to Dismiss within seven days of receipt of a copy of the Motion mailed to his last known address. ECF No. 28. To date, Plaintiff has not responded to the Motion to Dismiss.

Rule 37(b), Fed. R. Civ. P., provides that a court may dismiss an action in whole or in part for failure to comply with the court's discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). A district court has "'broad, although not unbridled, discretion in imposing sanctions' under Rule 37." *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989) (quoting *Dorey v. Dorey*, 609 F.2d 1128, 1135 (5th Cir. 1980)). Rule 37(b) does not "authorize dismissal of (a) complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (quoting *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 212 (1958)).

"[D]istrict courts will only impose the severe sanctions listed in Rule 37(b) upon finding (1) that the party's failure to comply with the order was willful or a result of bad faith, (2) the party seeking sanctions was prejudiced by the violation, and (3) a lesser sanction would fail to adequately punish and be inadequate to ensure compliance with court orders." *Costa v. Datapro, Inc.*, No. 10-23172, 2011 WL 7318760, at *6 (S.D. Fla. Aug. 5. 2011) (citing *Inmuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001); *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 132 (S.D. Fla. 1987)). "Once the moving party makes a prima facie showing of a discovery violation, the non-movant must show that it was impossible to comply with the relevant court order(s) to avoid sanctions." *Costa*, 2011 WL 7318760, at *6 (citing *Chase & Sanborn Corp.*, 872 F.2d at 400).

Defendant argues that all three factors apply in the instant matter and weigh in favor of dismissal. Plaintiff has made no showing that his failure to prosecute resulted from impossibility rather than bad faith, willfulness, or his own fault. Dismissal is therefore proper. But because

Plaintiff has not responded at all to this Court's orders, and further, because Plaintiff's counsel has been unable to locate him, the Court hesitates to make a finding of bad faith on this record at this time. Accordingly, the Court dismisses this case without prejudice.

Defendant also seeks an award of attorney's fees and costs related to the filing of the Motion to Dismiss. The Court shall retain jurisdiction to determine a reasonable fees-and-costs award if Defendant chooses to file a motion for fees and costs pursuant to Local Rule 7.3. Any motion for fees and costs will be referred to the Honorable Patrick M. Hunt for a report and recommendation.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's counsel's Motion for Leave to Withdraw as Counsel of Record for Plaintiff Linroy Durant [ECF No. 24] is **GRANTED;**

2. Defendant's Motion to Dismiss With Prejudice [ECF No. 21] is **GRANTED IN PART;**

3. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE;**

4. All other pending motions are **DENIED as MOOT;**

5. The Clerk is directed to **CLOSE** this matter;

6. The Court retains jurisdiction over any motion for attorney's fees or costs, to be referred to the Honorable Patrick M. Hunt for a report and recommendation.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 3rd day of March 2014.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record